No. DA 06-0027

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 238N

SANDRA KAY SPENDLOVE,

      Plaintiff and Appellant,

   v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. CDV 2004-905,
                The Honorable Thomas C. Honzel, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

      Thomas A. Budewitz, Attorney at Law, Helena, Montana

      For Respondent:

      Bradley J. Luck and Randall J. Colbert, Garlington, Lohn & Robinson,
      PLLP, Missoula, Montana

Submitted on Briefs: August 30, 2006

Decided: September 19, 2006

Filed:

_____
                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Sandra Kay Spendlove (Spendlove) appeals from the Order of the District Court for the First Judicial District, Lewis and Clark County, granting the motion for summary judgment filed by State Farm Fire and Casualty Company (State Farm).  Spendlove lives in Grizzly Gulch outside Helena, Montana.  She insured her premises through State Farm under a homeowner's policy and a personal liability umbrella policy (PLUP).  Both policies were in effect on June 22, 2004.

¶3    On that date, Spendlove's neighboring property owner, Al Ballard and Ecosafe Gold Recovery, LLC (collectively Ecosafe), filed a complaint against Spendlove in the First Judicial District, Lewis and Clark County, Cause No. ADV-2004-464.  Ecosafe's action alleges that Spendlove infringed upon Ecosafe's water rights.  Ecosafe alleges that it owns and operates a gold mine downstream from the Spendlove residence and Ecosafe owns water rights that originate in Grizzly Gulch that it uses in its mining operation. Ecosafe claims that Spendlove wrongfully has impounded water on her property by failing to maintain an unobstructed spillway.  Ecosafe contends that this wrongful impoundment resulted in a temporary loss of its water thereby rendering it unable to operate its gold mine.

¶4 Spendlove contacted State Farm to see whether coverage existed under either her homeowner's policy or the PLUP. State Farm initially provided a defense under a reservation of rights until it could determine if coverage existed. State Farm determined that no coverage existed, but continued paying Spendlove's defense costs for another thirty days while she found substitute legal counsel. Spendlove then brought actions against State Farm for a breach of contract in violation of the Montana's Unfair Trade Practices Act. State Farm filed a motion for summary judgment on the grounds it had no duty to defend or indemnify Spendlove in the Ecosafe litigation because Ecosafe did not allege property damage, bodily injury, or personal injury. The District Court agreed and granted summary judgment. This appeal followed.

¶5 Spendlove contends the District Court erred when it determined that Ecosafe's underlying claim does not allege physical damage to tangible property. She argues the District Court improperly focused on the competing water rights held by Spendlove and Ecosafe rather than the fact that Ecosafe alleges that Spendlove has prevented it from getting and using water that it needs to conduct its mining operation. She argues that Ecosafe's complaint does not seek to litigate water right priorities, but seeks relief based upon Spendlove's alleged conduct in interfering with the flow of water and thus preventing its use by Ecosafe.

¶6 Spendlove contends that Ecosafe's complaint, in fact, does allege that the water has been injured in the sense that it has been "wasted." She further argues that the seasonal nature of water in the Grizzly Gulch area and the resulting seasonal operation of Ecosafe's mine leads to the conclusion that Spendlove's alleged interference with the

flow of water during the time of year when water would otherwise flow through the culverts actually destroys the water itself much as if it were contaminated by pollution.

¶7     We review *de novo* a District Court's decision to grant summary judgment, based on the same criteria applied by the District Court. *Hardy v. Vision Service Plan*, 2005 MT 232, ¶ 10, 328 Mont. 385, ¶ 10, 120 P.3d 402, ¶ 10. We must determine whether the court correctly found that no genuine issues of material fact existed and whether the court applied the law correctly. *Hardy*, ¶ 10.

¶8     We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that Spendlove's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶9     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE